DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-171-RLV
(5:06-cr-001-RLV-DCK-1)

| | | |
|---|---|---|
| QUENTIN DEMER WILLIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on the Government's Motion for Reconsideration of this

Court's dismissal as untimely of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence

under 28 U.S.C. § 2255, (Doc. No. 18).[1] For the reasons that follow, the Court will grant the

Government's Motion for Reconsideration, and the Court will order Petitioner to be re-

sentenced.

On January 23, 2006, a federal grand jury sitting in the Western District of North

Carolina charged Quentin Demer Willis ("Petitioner") with conspiracy to distribute at least 5

kilograms of cocaine and at least 50 grams of cocaine base, in violation of 21 U.S.C. § 846

(Count One); possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841

(Count Two); possession of a firearm in furtherance of a drug trafficking crime, in violation of

---

[1] Petitioner initially sought relief on the additional grounds of 28 U.S.C. § 2241, audita querela,

and coram nobis, but Petitioner voluntarily dismissed those arguments on January 22, 2013. See

(Doc. No. 6).

18 U.S.C. § 924(c) (Count Three); and possession of a firearm by a convicted felon, in violation

of 18 U.S.C. § 922(g) (Count Four).  (Case No. 5:06cr001, Doc. No. 3: Sealed Indictment).

Contemporaneous with the indictment, the Government filed an information under 21

U.S.C. § 851, noticing Petitioner's prior conviction for felony possession of cocaine in Iredell

County, for which he received a sentence of six to eight months.  (Id., Doc. No. 4: Information).

Several months after the indictment was returned, Petitioner entered into a plea

agreement with the Government in which he agreed to plead guilty to Counts One (conspiracy)

and Three (firearm in furtherance of drug trafficking).  (Id., Doc. No. 39: Plea Agreement; Doc.

No. 75: Judgment).  As part of his plea agreement, Petitioner acknowledged the minimum and

maximum terms of imprisonment he faced for each offense (20 years to life for the conspiracy,

and a consecutive, minimum 5-year term of imprisonment on the firearm offense) and that he

waived all rights to challenge his conviction and sentence on appeal or in post-conviction

collateral proceedings, except for claims of ineffective assistance of counsel and prosecutorial

misconduct.  See (Id., Doc. No. 39 at ¶¶ 4; 20: Plea Agreement).  At a Rule 11 hearing, he

affirmed, under oath, his guilt and that he understood the terms of his plea agreement, including

the waiver of his appellate and post-conviction rights.  See (Id., Doc. No. 40).

This Court ultimately sentenced Petitioner to 240 months on the conspiracy count and a

consecutive 60-month sentence for the Section 924(c) offense, for a total of 300 months.  See

(Id., Doc. No. 75).  The Court entered the judgment on May 7, 2007.  (Id.).  Petitioner appealed,

and the Fourth Circuit affirmed his conviction and sentence in an unpublished opinion dated

September 13, 2007.  United States v. Willis, 247 Fed. App'x 457 (4th Cir. 2007).  The Fourth

Circuit issued its mandate on October 9, 2007.  (Case No. 5:06cr001, Doc. No. 99).  On August

4, 2011, and then again on August 30, 2012, this Court entered Orders denying Petitioner's

2

motion to reduce his sentence under the crack cocaine amendments.  (Id., Doc. Nos. 136; 152).

Petitioner filed the instant Section 2255 petition on November 9, 2012, more than five years after the Fourth Circuit issued its mandate affirming Petitioner's conviction and sentence. In his petition, Petitioner sought relief from the 20-year mandatory, minimum sentence imposed in Count One because his prior conviction for felony possession of cocaine is no longer a qualifying predicate felony after United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).  On May 1, 2013, after the Government moved to dismiss the petition based on untimeliness and because Petitioner waived the right to bring his Simmons claim in his plea agreement, this Court dismissed the Section 2255 motion as untimely.

On May 7, 2013, the Government filed the pending motion for reconsideration, stating that the Government has reconsidered its position and is now waiving the statute of limitations and will not assert any post-conviction waivers.  The Government seeks to have this Court resentence Petitioner, contending that because of his Section 851 enhancement based on a felony that no longer qualifies under Simmons as a predicate felony, Petitioner's due process rights were violated under Hicks v. Oklahoma, 447 U.S. 343 (1980), because the Court was deprived of discretion to sentence Petitioner below the 20-year mandatory minimum.  Because Respondent has expressly waived the one-year limitations period, and has requested that this Court re-sentence Petitioner, this Court will grant the motion to vacate as to Petitioner's Simmons claim.[2]

---

[2]  In asserting a due process violation under Hicks based on the application of a mandatory minimum sentence of 120 months, the Government has now reversed its prior position regarding the right to relief in Simmons cases in which a prior conviction resulted in an enhanced sentence. In prior cases, and consistent with footnote 2 in the Fourth Circuit's decision in United States v. Powell, the Government has previously asserted that as long as the sentence imposed was within the applicable statutory maximum sentence, a petitioner is entitled to no relief under § 2255. See Powell, 691 F.3d 554, 563 n.2 (4th Cir. 2012).

Petitioner shall be re-sentenced without application of the 240-month mandatory minimum.

## I.   CONCLUSION

In sum, the Court grants the Government's Motion for Reconsideration, and the Court finds that Petitioner is entitled to a new sentencing hearing without application of the 240-month mandatory minimum.

**IT IS THEREFORE ORDERED THAT**:

1.   The Government's Motion for Reconsideration, (Doc. No. 18), is **GRANTED**, and Petitioner shall be re-sentenced in accordance with this Order.

Signed: September 24, 2013

Richard L. Voorhees
United States District Judge